■ BOARD OF EDUCATION OF COMMUNITY SCHOOL DISTRICT No. 24, Appellant, v JOSEPH A. FERNANDEZ, as Chancellor of the City School District of the City of New York, Respondent. [609 NYS2d 328] —In an action for a judgment declaring void and unenforceable Regulation C-30 issued by the Chancellor of the City School District of the City of New York, the plaintiff appeals from an order of the Supreme Court, Queens County (LeVine, J., on order; Santucci, J., on decision), dated March 12, 1992, which denied the plaintiff's motion for summary judgment and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof dismissing the complaint; as so modified, the order is affirmed, with costs to the respondent and the matter is remitted to the Supreme Court, Queens County, for entry of a judgment declaring that the adoption of Regulation C-30 is a valid exercise of the defendant's authority.

On May 1, 1990, Joseph A. Fernandez, then the Chancellor of the City School District of the City of New York (hereinafter the Chancellor), issued Regulation C-30 setting forth a three-step process that community school boards were re-

quired to follow in selecting supervisory personnel in elementary and intermediate schools. The first step involves the establishment of a screening committee which consists of 6 to 10 parents, two teachers, a superintendent or his designee, and community school board members and which determines the selection criteria and interviews at least 10 candidates. All committee members participate in the screening and interviewing process, but only the parents and teachers are permitted to vote. The committee selects at least five candidates, who are then recommended to the community superintendent. In the second step of the process the superintendent evaluates the candidates and recommends a minimum of two candidates to the community school board. The process is complete when the board members interview the candidates and either select one for appointment or request that the superintendent, and then perhaps even the screening committee, consider other candidates from the original pool.

The plaintiff, Board of Education of Community School District No. 24, commenced the instant action for a judgment declaring Regulation C-30 to be invalid on the ground that it usurped the power of the community school boards to appoint supervisory personnel as provided by Education Law § 2590-j (4) (d). The Supreme Court granted the Chancellor's motion for summary judgment and dismissed the action. We modify by directing entry of a judgment issuing the appropriate declaration *(see, Lanza v Wagner,* 11 NY2d 317, 334, *cert denied* 371 US 901).

Education Law § 2590-j (4) (d) provides that "[e]ach community board shall appoint and assign all supervisory personnel for all schools and programs under its jurisdiction from persons on qualifying eligible lists". However, community school boards may not exercise their authority in a manner inconsistent with the policies established by the central Board of Education *(see,* Education Law § 2590-e). The Chancellor, as the chief executive officer of the city board, is empowered to "[p]romulgate minimum educational standards" throughout the city district (Education Law § 2590-h [8]) and is responsible for policy having a city-wide impact *(see, Matter of New York City School Bds. Assn. v Board of Educ.,* 39 NY2d 111, 117).

Here, we find that the community school board's selection process must conform to the city board's policies *(see, Board of Educ. v Fernandez,* 81 NY2d 508). Contrary to the plaintiff's contention, the policy sought to be effectuated by the regulation at issue is not one that "eviscerates a community board's enumerated power to hire [supervisory personnel]" *(Board of*

*Educ. v Fernandez, supra,* at 516). Rather, Regulation C-30 sets forth a city-wide procedure to be followed in selecting candidates for the stated purpose of "ensur[ing] that the selection process is equitable and based on principles of merit and fitness", a process whereby the community board retains the ultimate authority to appoint supervisory personnel. Indeed, the procedure established by the regulation permits the community board to reject all of the candidates recommended to it by both the screening committee and the community superintendent if it deems that to be appropriate. Thus, the adoption of Regulation C-30 was within the lawful exercise of the defendant's authority under the Education Law. Rosenblatt, J. P., Lawrence, Altman and Goldstein, JJ., concur.